cT.J-Y



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL COTA

No. 4-24CR-005-Y

## INFORMATION

The United States Attorney charges:

At all times material to this Information:

### Background

1.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.     In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business

**Information - Page 1**

Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3.     A PPP loan application was processed by a participating lender. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan. In return for processing PPP loans, the SBA paid these lenders a processing fee.

4.     The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

The Defendants, Related Entities, and Individuals

5.     **Michael Cota** was a co-founder of Qualytics, a consulting firm for small businesses specializing in opportunity zones. **Cota**, Coconspirator-1, and Coconspirator-2, along with others, also co-founded a lender service provider ("Lender Service Provider-1") in 2020 in response to the COVID-19 pandemic to process PPP loan applications.

6.     Lender-1 was a small business lender that participated in the PPP program and was headquartered in San Diego, California.

7.     Lender-2 was small business lender that participated in the PPP program and was headquartered in Fort Lee, New Jersey.

8.     Lender-3 was a CDFI headquartered in Bedford, Texas and a participating lender in the PPP program.

9.     Lender-4 was a small business lender that participated in the PPP program and was headquartered in San Francisco, California.

10.     Lender-5 was a small business lender that participated in the PPP program and was headquartered in Redwood City, California.

11.     Lender Service Provider-1 was a third-party company, based in Scottsdale, Arizona, that processed PPP loan applications for Lender-3.

12.     Coconspirator-1 was one of the founders of Lender Service Provider-1.

13.     Coconspirator-2 was one of the founders of Lender Service Provider-1.

14.     Coconspirator-3 worked at Qualytics and at Lender Service Provider-1.

15.     Bank-1 was a financial institution headquartered in Happy, Texas whose deposits were insured by the Federal Deposit Insurance Corporation. In 2021, Bank-1 received funds sent from the Federal Reserve Bank in Cleveland and sent them to some PPP lenders, including Lender-4, to fund PPP loans.

## Count One

### Conspiracy to Commit Wire Fraud
(Violation of 18 U.S.C. § 371, 18 U.S.C. § 1343)

16.    Paragraphs 1 through 15 of this Information are realleged and incorporated.

17.    From in or around May 2020, through in or around May 2021, in the Fort Worth Division of the Northern District of Texas and elsewhere, defendant **Michael Cota**, along with others known and unknown, did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with other individuals, known and unknown, to commit certain offenses against the United States, namely wire fraud, that is, to knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

18.    The purpose of the conspiracy was for the defendant, Coconspirator-1, Coconspirator-2, Coconspirator-3, and others to unlawfully enrich themselves by submitting and causing the submission of false and fraudulent applications for PPP loans and to conceal and cause to be concealed their fraudulent conduct.

**Information - Page 4**

Manner and Means of the Conspiracy and Scheme to Defraud

19.    The manner and means by which **Cota** and his coconspirators sought to accomplish the object and purpose of the conspiracy included the following:

a.   In or around May 2020, **Cota** and Coconspirator-2 applied to Lender-1 for a PPP loan for Qualytics in the amount of $62,610, which falsely represented the amount of payroll that Qualytics paid in 2019, knowing that Qualytics did not qualify for the loan amount.

b.   In or around July 2020, Coconspirator-1 contacted **Cota**, Coconspirator-2, and Coconspirator-3 and offered to help them apply for additional PPP loans.

c.   Thereafter, in or around August 2020, Coconspirator-1 helped **Cota** apply for and receive a PPP loan in the amount of about $20,800 from Lender-2 which falsely represented that **Cota** maintained a sole proprietorship in his own name and falsely represented the monthly payroll for that purported business, when **Cota** and Coconspirator-1 knew that **Cota** did not qualify for the loan amount.

d.   In or around February 2021, Coconspirator-3 obtained a second-draw PPP loan from Lender-3 through Lender Service Provider-1 with guidance and assistance from **Cota** and Coconspirator-2. The application falsely represented that Coconspirator-3 maintained a sole proprietorship and falsely represented the monthly payroll for that purported business.

Information - Page 5

e.  In or around July 2020, **Cota** created a false bank statement for Coconspirator-2, knowing that Coconspirator-2 would use that bank statement in support of fraudulent applications for PPP loan funds.

f.  Thereafter, in or around July 2020, Coconspirator-2 submitted an application seeking a PPP loan in the amount of approximately $20,006 for a sole proprietorship in his own name to Lender-4 using the false bank statement that **Cota** created.

g.  In or around August 2020, Coconspirator-2 submitted a PPP loan application seeking a PPP loan for a sole proprietorship in his own name in the amount of approximately $20,006 to Lender-5 using the false bank statement that **Cota** created.

## Overt Acts

20.   In furtherance of the conspiracy and to effect its object, on or about May 15, 2020, **Cota** digitally signed the promissory note through which Qualytics obtained a PPP loan in the amount of $62,610 and sent the note via electronic wire to Lender-1, located in or around San Diego, California.

21.   On or about August 13, 2020, in Arizona, **Cota** digitally signed the promissory note through which he obtained a PPP loan in the amount of about $20,800 and sent the note via electronic wire to Lender-2, located in or around Fort Lee, New Jersey.

22.   On or about February 5, 2021, Coconspirator-3 digitally signed the application form for a PPP loan in the amount of about $20,833, causing Lender-3, located in or

Information - Page 6

around Bedford, Texas, in the Northern District of Texas to disburse the loan proceeds to a bank account located outside the state of Texas.

All in violation of 18 U.S.C. § 371 (18 U.S.C. § 1343).

**Information – Page 7**

Forfeiture Notice

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

15.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of

Count One, the defendant, **Michael Cota**, shall forfeit to the United States of America

any property, real or personal, that constitutes or is derived from proceeds traceable to the

scheme to defraud.

16.     Additionally, the government may seek a forfeiture money judgment in the

amount of the proceeds traceable to the scheme to defraud. Further, the government may

seek the forfeiture of substitute assets, as allowed by 21 U.S.C. § 853(p).

LEIGHA SIMONTON
UNITED STATES ATTORNEY


MATTHEW WEYBRECHT
Assistant United States Attorney
State Bar of Texas No. 24102642
Telephone: 817-252-5200
Fax: 817-252-5455
Email: matthew.weybrecht@usdoj.gov

MARGARET A. MOESER
ACTING CHIEF
Money Laundering & Asset Recovery Section
Criminal Division, U.S. Department of Justice

/s/ Elizabeth R. Carr
ELIZABETH R. CARR
Trial Attorney
Money Laundering & Asset Recovery Section
Criminal Division, U.S. Department of Justice
Telephone: 202-875-1535
Email: Elizabeth.carr@usdoj.gov

GLENN S. LEON
CHIEF, FRAUD SECTION
Criminal Division, U.S. Department of Justice

/s/ Philip Trout
PHILIP TROUT
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
Telephone: 202-616-6989
Fax: 202-514-0152
Email: Philip.Trout@usdoj.gov